**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 25, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30572
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LASHAWN QUINN,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-379-ALL-R

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lashawn Quinn appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In closing arguments, the prosecutor stated:

> Finally, these officers, if they were up to some sort of high jinks in all this and if this wasn't something they felt strongly about and the evidence wasn't strong and they didn't see what they said they saw, do you really think these two NOPD officers would bring this case to the FBI?

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quinn argues that the district court committed reversible error by overruling his objection to the prosecutor's statement as improper bolstering of witness testimony.

Because the prosecutor's statement vested the officers' testimony with the imprimatur of the Government, in that it implied that the witnesses must have been truthful and the case must have been strong or the officers would not have asked the FBI to pursue it, the statement was improper. See United States v. Ramirez-Velasquez, 322 F.3d 868, 874 (5th Cir. 2003). Nonetheless, the magnitude of the prejudice suffered by Quinn was not significant. In addition, the court's instructions to the jury negated any prejudice resulting from the prosecutor's statement. Moreover, even considering that the testimony presented by the prosecution was bolstered, it cannot be said that, but for the prosecutor's statement, the jury would have acquitted Quinn. See Ramirez-Velasquez, 322 F.3d at 875; United States v. Simpson, 901 F.2d 1223, 1227 (5th Cir. 1990); United States v. Iredia, 866 F.2d 114, 117 (5th Cir. 1989). The district court did not commit reversible error by overruling Quinn's objection.

Accordingly, Quinn's conviction is **AFFIRMED**.